IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    vs.<br><br>JUAN L. HUERECA,<br>    Defendant. | Case No. 07-10179-03-JTM |

**MEMORANDUM AND ORDER**

Presently before the court is defendant Juan Huereca's motion to sever (Dkt. No. 36). For the following reasons, that motion is denied.

**I. Facts**

The following facts are alleged in the various pleadings before the court. In December 2007, Jose Hidalgo, Errol Ibarra and Juan Huereca were charged in a superseding indictment in Count 1 of unlawfully, knowingly, and intentionally possessing with the intent to distribute more than 150 pounds of marijuana. Hidalgo is also charged in Count 2 of unlawfully, knowingly, and intentionally distributing cocaine.

On March 14, 2004, Hidalgo was driving a Lincoln Navigator on Highway 50 in Harvey County, Kansas, when he was stopped by the police and taken into custody. Police discovered 195 pounds of marijuana in an accompanying vehicle and were aware of the presence of drugs in the car because of a tip on March 11, 2004, from the Otero County Narcotics Unit (OCNU) in

New Mexico, who in turn knew about the drugs from information received from a confidential informant who had been hired to drive the drugs.  Working with OCNU, Wichita police tracked the truck filled with the drugs, and observed Ibarra, Huereca, and Hidalgo make contact with each other and the confidential informant.  After a few days of watching the various vehicles, the officers decided to stop both a Lincoln Navigator, operated by Hidalgo and Huereca, and a maroon and white truck driven by Ibarra but registered to Hidalgo.  After the stop, the officers found 195 pounds of marijuana in the load vehicle driven by Ibarra.  Although there were no drugs found in the Navigator, the officers did recover a Coleman cooler which smelled like marijuana, and a set of scales, a marker, four packages of cling wrap, two boxes of lawn bags, wrapping tape, and boxes.

Almost two years later, in May 2006, Sedgwick County sheriff's deputies executed a search warrant on a residence jointly occupied by Hidalgo and his girlfriend, Brinda Miller.  The search warrant was procured based from material containing traces of cocaine, which police found in the trash outside the house.  During the search of the house, the officers located approximately $38,000 in cash, including approximately $35,000 which was wrapped in plastic and hidden between the mattress and box springs of the bed in the master bedroom.

After the residence was searched, the officers obtained a warrant to install a GPS system on Hidalgo's 1998 Lincoln Navigator.

## II.  Motion to Sever

Huereca argues that because he is only charged in Count 1 of the superseding indictment, his trial should be severed from Hidalgo's, who is additionally charged in Count 2 of the superseding indictment.  Huereca argues that it is particularly prejudicial because the acts

underlying Count 2 took place several years after the acts underlying Count 1.  Huereca relies on an old Tenth Circuit case which held, "[u]nder Fed. R. Crim. P. 8(b) when there is a joinder of defendants and offenses totally unconnected, there is no room for judicial discretion and the court must grant severance."  *United States v. Eagleston*, 417 F.2d 11, 14 (10th Cir. 1969).

The government argues that all the defendants are charged together in Count 1 because they were all responsible for transporting marijuana to Kansas or aiding in the transportation of marijuana to Kansas for the purpose of distribution.  Because the offenses are properly joined if they are of the same or similar character, the government argues that Count 2 is properly joined because both deal with the distribution of a controlled substance.  Further, the government argues that severance is a matter of discretion, not a right, and that the defendant has failed to meet his heavy burden of demonstrating prejudice in this case.  The government notes that it would not object to a limiting instruction regarding evidence that could only be considered against Hidalgo in Count 2.

Under Rule 8(b) of the Federal Rules of Criminal Procedure, a single indictment may charge multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "The granting of a motion to sever is ordinarily left to the district court's discretion." *United States v. Powell*, 982 F.2d 1422, 1432 (10th Cir.1992). "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance." *United States v. Hack*, 782 F.2d 862, 870-71 (10th Cir.1986) (citations omitted). Rather, a defendant must show clear

3

prejudice resulting from joinder at trial.  *United States v. Bridwell*, 583 F.2d 1135 (10th Cir. 1978).  Further, in determining the merits of the motion, "the trial court must balance two competing interests by weighing the prejudice to a particular defendant caused by the joinder against the consideration of economy and expedition in judicial administration."  *United States v. Pack*, 773 F.2d 261, 266 (10th Cir. 1985).

In this case, the court is convinced that Mr. Huereca will not be prejudiced by trying all the counts together.  The jury will be properly instructed regarding the separate counts and charges.  As such, the motion to sever is denied.

IT IS ACCORDINGLY ORDERED this 17th day of April, 2008 that Juan Huereca's motion to sever (Dkt. No. 36) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE